# Baxter v. Johns et ux.

Where the docket of a Justice of the Peace shows that a suit was brought against husband and wife, but no service had upon the wife, the judgment will be reversed.

No valid judgment can be rendered against the defendant when the docket does not show who the defendants are against whom such judgment was intended to be entered, and is left for inference.

SERVICE OF SUMMONS—SUIT AGAINST HUSBAND AND WIFE—
DEFECTIVE JUDGMENT.

No. 258, December Term, 1902, C. P. of Bradford Co.
Certiorari.

David J. Fanning, Esq., for defendant in error.

Opinion by FANNING, P. J., January 22, 1903.

## OPINION:

Summons in this case issued October 3rd, 1902, against William Johns and wife; the return by the Constable is as follows: "The within writ of summons was served on October 4th upon the within named defendants by producing the original and informing them of the contents thereof; also by leaving a true and attested copy of the original with William Johns.   So answers," etc.   The wife of William Johns was not summoned by name; she was not legally served with process and did not appear.   The proceedings as to her are a nullity.

Doerr v. Grayville, 27 C. C. R., 241.

Baxter v. Johns et ux.

Heineman v. Miller, et ux., 10 Kulp, 411.

The Justice refused to discharge the proceedings as against the wife. That portion of the record relating to · the hearing is as follows: "Ezra Baxter swore that on August 9th, 1899, Wm. Johns engaged 5000 tobacco lath at $6.50 per thousand and 4575 of them were delivered. William Johns testified that the price agreed on was $5.50 per M. Judgment rendered for $6.00 per thousand or $27.45, with interest since August 9th, 1899." No valid judgment was rendered in this case; who the defendants are against whom judgment was intended to be entered is left for inference. Even though judgment had been publicly rendered against the defendants, the proceedings would still be defective for the reason that a joint action having been instituted against them and only one served, there was no authority to enter judgment against both.

Heineman v. Miller, supra.

And now, January 22nd, 1903, the judgment and proceedings reversed and set aside.

Reported by Jas. R. Leahy, Esq., ·
Towanda, Pa.